UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARCUS SAPP | CIVIL ACTION NO. 07-1814 |
| VERSUS | DISTRICT JUDGE JAMES T. TRIMBLE, Jr. |
| RAPIDES HEALTHCARE SYSTEM, LLC, et al | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to remand, document #10, and an alternative motion to stay, document #5, both referred to me by the district judge for report and recommendation.

This is a medical malpractice case against the defendant, Rapides Healthcare System, LLC, and Dr. Leonard Collier originally filed in state court. By way of a second supplemental complaint plaintiff alleged "direct violations of federal law: and sought relief based on "state and federal statutory provisions." Defendant then timely removed the case to this court based on federal question jurisdiction. Defendant also filed a motion to dismiss and alternative motion to stay, document #5[1], asserting that the case is governed by Louisiana's Medical Malpractice Act and thus the case is premature until a medical review panel has rendered a decision. LRS-40:1299.47(B).

In response, plaintiff filed a motion to remand and, in his brief, admits that the second supplemental complaint was based on

---

[1] Only the motion to stay, not the motion to dismiss based upon prematurity, is referred to me for report and recommendation.

incorrect information and that he has no federal claim. Based on this admission, defendant, in brief, admits that the case should be remanded to the state court for resolution of the malpractice claims all of which are made under state law.

### Analysis

A district court has discretion to remand supplemental state law claims after the plaintiff has "dropped" the federal cause of action on which removal was originally based. See 28 USC1367(c)(3). See also In re Wilson Industries, Inc. , 886 F.2d 93 (5th Cir. 1989); Jones v. Roadway Exp., Inc., 936 F.2d 789 (5th Cir. 1991); Carnegie-Mellon University v. Cohill, 108 S.Ct. 614, (1988). " In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state law claims." Carnegie-Mellon, supra at 619.[2]

Because plaintiff has judicially admitted that he has no federal case, and all claims arise under the Louisiana Medical Malpractice Act, this case should be remanded to the state court.

Therefore, IT IS RECOMMENDED that the motion to remand, doc. # 10, be granted and this case be remanded to the 9th Judicial

---

[2] "Pendent jurisdiction", along with "ancillary jurisdiction", are both now included in the term "supplemental jurisdiction". See Samaad v. City of Dallas, 940 F.2d 925 (5th Cir. 1991). 28 USC 1367.

District Court, Parish of Rapides, for further proceedings. It is further RECOMMENDED that the alternative motion to stay, doc. #5, be DENIED AS MOOT.[3]

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, this 19th day of December, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[3] It is also recommended that the motion to dismiss, doc. #5, which is not referred to me for report and recommendation, be dismissed as moot.